**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5022**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ENERVA W. TROTMAN, a/k/a Charles Carlos Clark,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Malcolm J. Howard, Senior District Judge. (4:91-cr-00092-H-1)

Submitted: June 8, 2012                  Decided: June 22, 2012

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior circuit Judge.

Affirmed by unpublished per curiam opinion.

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Enerva Trotman appeals from the 420-month sentence imposed after remand and resentencing on drug trafficking and firearm counts. Trotman argues that his sentence is procedurally and substantively unreasonable. Finding no error, we affirm.

We review a sentence imposed by the district court for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, the court considers whether the district court properly calculated the defendant's Sentencing Guidelines range, treated the Guidelines as mandatory, considered the 18 U.S.C.A. § 3553(a) (West 2006 & Supp. 2012) sentencing factors, selected a sentence based on clearly erroneous facts, or failed to explain sufficiently the selected sentence. Id. at 49-51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

2

Trotman first argues that his sentence is procedurally unreasonable because the district court failed to explain how it calculated the 8.4 kilogram drug quantity and did not have sufficient evidence to find that amount, the court treated the Sentencing Guidelines as mandatory, and it failed to state individualized reasons for its sentence.

First, there is sufficient evidence in the record to support the court's drug quantity finding. The pre-sentence report set out the quantities involved as relevant conduct, including that Trotman told law enforcement officers that for two years he obtained five ounces of crack cocaine every week. Trotman does not dispute that he gave the statement to officers, but maintains it was puffery. The court stated that it believed Trotman was involved with 14.7 kilograms, but that it considered Trotman's puffery argument and said that crediting the argument to reduce Trotman's involvement by almost half, Trotman was certainly responsible for 8.4 kilograms of crack. The court's method of reduction was duly explained and is not procedural error. To the extent that Trotman argues that the court could not consider relevant conduct in the dismissed counts, he is wrong. United States v. Perry, 560 F.3d 246, 258 (4th Cir. 2009) (district courts are permitted to consider acquitted or uncharged conduct).

3

Trotman also argues that the district court treated the Guidelines as mandatory and points to three statements made by the court during re-sentencing. The statements identified do not express that the court believed that it was bound by the Sentencing Guidelines range. The court referred to the Guidelines as advisory several times during the proceeding and announced its sentence "in accordance with the Supreme Court's decision in United States v. Booker." The district court clearly believed it had the authority to grant a downward variance but that the reasons for doing so were inadequate.

Trotman also argues that the court committed procedural error by stacking his sentences on counts two, three, and four to the extent necessary to achieve the 360-month Guidelines range. The court did not err. If the total punishment required by the Guidelines exceeds the highest statutory maximum, the court must impose consecutive terms of imprisonment to the extent necessary to achieve the total punishment. U.S. Sentencing Guidelines Manual § 5G1.2(d) (2010). The court is not prevented from stacking sentences when the counts have been grouped. See United States v. Chase, 296 F.3d 247, 250-51 (4th Cir. 2002).

Trotman's last procedural error argument is that the court failed to state individualized reasons for the sentence. The "individualized assessment need not be elaborate or lengthy,

4

but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" Carter, 564 F.3d at 330 (quoting Gall, 552 U.S. at 51). Throughout the proceedings, the court made findings and comments on the factors influencing sentencing sufficient to permit meaningful appellate review. Trotman contended that his co-conspirator received a lower sentence, but the court noted that the defense did not know what the co-conspirator's criminal history was, nor did he evade authorities for fifteen years as Trotman had. The court noted the large amount of cocaine base involved, that Trotman had fled and evaded the authorities for fifteen years, was an illegal alien, and that Trotman provided no basis for a downward variance. The court also expressly adopted the Government's sentencing arguments that Trotman had a long criminal history, lacked meaningful employment, and lacked remorse or acceptance of his criminal conduct. The transcript clearly indicates that the court considered Trotman's argument regarding his post-sentence rehabilitation, but did not find it sufficient to grant a downward variance or other significant reduction. Accordingly, the sentence was procedurally reasonable.

If the sentence is free of significant procedural error, this court then reviews the sentence for substantive reasonableness, "tak[ing] into account the totality of the

5

circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, the court applies a presumption on appeal that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Trotman has not rebutted the presumption that his sentence is presumptively reasonable. The district court did not abuse its discretion in selecting the sentence imposed.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED